IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GREAT AMERICAN INSURANCE
GROUP,

           Plaintiff,

v.

ROSWELL DRYWALL, LLC,
PABLO DIEGO, individually, and
VLADIMIR SOSNOVSKY,
individually,

           Defendants.

1:15-cv-385-WSD

## OPINION AND ORDER

On February 9, 2015, Plaintiff Great American Insurance Group ("Plaintiff") filed its Complaint [1] against Roswell Drywall, LLC ("Roswell"), Pablo Diego ("Diego"), and Vladimir Sosnovsky ("Sosnovsky"), asserting claims for breach of contract.

Plaintiff's Complaint asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into

whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). In this case Plaintiff's Complaint raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship for diversity purposes is determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)). A limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or

has it principal office.  See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

The Complaint does not adequately allege Plaintiff's citizenship.  Plaintiff alleges only that it is an "Ohio corporation."  (Complaint ¶ 1).  This allegation is not sufficient to establish diversity jurisdiction because a corporation is a citizen of its state of incorporation and the state in which it has its principal place of business.  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021 n.1 (11th Cir. 2004) (citing 28 U.S.C. § 1332(c)(1)).  The Complaint does not state Plaintiff's state of incorporation and the state in which it maintains its principal place of business.[1]

The Complaint does not adequately allege the citizenship of Roswell.  Plaintiff alleges only that Roswell "is a Georgia limited liability corporation" and that the "members of Roswell Drywall reside in and are domiciled in Georgia." (Complaint ¶ 2).  This allegation is insufficient.  Plaintiff is required to allege the identity of each of Roswell's members and their respective citizenship in order for the Court to determine if it has subject matter jurisdiction.  See Rolling Greens, 374 F.3d at 1022.

---

[1]  The Court cannot determine whether the allegation that Plaintiff is "an Ohio corporation" refers to Plaintiff's state of incorporation, its principal place of business, or both.

The Court requires further information regarding Plaintiff's citizenship and Roswell's members' citizenships.  Accordingly, Plaintiff is required to file an amended complaint stating its state of incorporation and the state in which it maintains its principal place of business, and the identities of Roswell's members and their respective citizenships.  The Court notes that it is required to dismiss this action, unless Plaintiff provides the required supplement alleging sufficient facts to show the Court's jurisdiction.  See Travaglio v. Am. Express Co., 735 F.3d 1266, 1268-69 (11th Cir. 2013) (holding that the district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establishes jurisdiction).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff file an amended complaint, on or before February 27, 2015, that provides the information required by this Order

**SO ORDERED** this 12th day of February, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE